Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tsuei (SBN 285530)
jtsuei@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (*pro hac vice*)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff,*
*VirtaMove Corp.*

David A. Perlson (CA SBN 209502)
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
david.perlson@hoganlovells.com
Telephone: (415) 374-2412
HOGAN LOVELLS US LLP

Deepa Acharya (CA SBN 267654)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
deepaacharya@quinnemanuel.com
Telephone: (202) 538-8000
Facsimile: (202) 538-6100
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*Attorneys for Defendant Google LLC*

.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC <br><br> Defendant. | Case No. 25-CV-00860-NW <br><br> Honorable Noël Wise <br><br> **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** <br> AS MODIFIED BY THE COURT |

WHEREAS, Plaintiff VirtaMove, Corp. ("VirtaMove") and Defendant Google LLC ("Google"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

WHEREAS, Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 21, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.  For deposition and hearing transcripts, the word

Russ, August & Kabat

"CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."  For natively produced Protected Material, the word "CONFIDENTIAL" may be placed in the filename of each such natively produced document.

2.    Any document produced before issuance of this Order with the designation "Confidential" shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time.  Inadvertent or unintentional

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 17 herein:

(a)     outside counsel of record in this Action[2] for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     up to one in-house counsel for the Parties who is a member in good standing of at least one state bar, or at least one Canadian provincial and/or territorial bar, and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)     [intentionally left blank];

(e)     outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this

---

[2] This "Action" means *VirtaMove, Corp. v. Google LLC*, Case No. 7:24-CV-00033.

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, ~~the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.~~ they shall submit the dispute in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order. No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)    the Court and its personnel.

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

---

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this paragraph.

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material if new information about that expert is disclosed or identified, provided that the scope of any such objection is limited to this newly disclosed or identified information, and that such information was not reasonably ascertainable to the party despite the exercise of reasonable diligence.

STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

7.      Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any other purpose, including in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.      For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

Case No. 25-cv-00860-NW
STIPULATED PROTECTIVE ORDER

10.    For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.    For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) will, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. If a license is required, the Receiving Party shall provide the license for the review tools, and either (a) installation files for such licensed software tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the Receiving Party's license. The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or its vendors. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may visually monitor, in a non-intrusive fashion and at reasonable intervals, the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party shall not monitor the review conducted by the receiving Party through analyzing the electronic access record on the Source Code Computer (e.g., command histories, recent file lists, file access dates, undo histories), or otherwise, except as required to address technical issues or security concerns, as agreed to by the receiving Party, or as ordered by the Court. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives. Any review of source code on the stand-

RUSS, AUGUST & KABAT

alone computer by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the parties or ordered by the Court.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading or expert report (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

(g)    Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

necessary to create Source Code Exhibits or any drafts of these documents[7]. The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "CONFIDENTIAL - SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

(h)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 50 consecutive pages, or an aggregate total of more than 900 pages, of source code during the duration of the case without prior written approval by the producing Party. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within 3 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to four additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. The producing Party may object to the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity no later than three business days after the receiving party's request, in which case the parties shall meet and confer over the objections within three business days of receipt of the objection(s). The producing Party will ~~file any motion~~ <span style="color:red">initiate preparation of a</span> requesting relief for production within 5 business days of the parties' meet and confer.  Should the producing Party fail to ~~file a motion~~ <span style="color:red">initiate a Joint Submission</span> requesting relief for production within 5 business days of the meet and confer, the objection

<span style="color:red">Joint Discovery Dispute Submission pursuant to Judge van Keulen's Civil and Discovery Referral Matters Standing Order</span>

---

[7] Drafts shall only include those excerpts the Receiving Party reasonably believes will be included in the final version.

RUSS, AUGUST & KABAT

is deemed resolved.  Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court.

(i) If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(j) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above on paper via hand carry. The producing Party shall bear full responsibility for said hand carry transport, including payment of all costs and other expenses incurred, so long as the Source Code Material (including Source Code Printouts and any and all copies thereof) is being transported to a location on a regular U.S. Postal Service route. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party.

(k) A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the producing Party so elects, the producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices; and (2) separate stand-alone computer, which persons reviewing the source code can use to take notes (the "Note Taking Device").  All persons entering the locked room containing the stand-alone computer(s) must confirm that they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may visually monitor the room in which the Note Taking Device is located to the same extent as it may monitor the room in which the stand alone computer(s) are located under provision 11(a), but may not view the screen of the Note Taking Device or otherwise view or access any work product of the receiving Party's representatives. The producing Party also may not record (visually, audibly or by other means) the activities of the receiving Party's representatives. At the end of each day, the persons reviewing the

RUSS, AUGUST & KABAT

source code may encrypt the notes they took on the Note Taking Device and save those notes to an encrypted USB device.

(l)    The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  Notwithstanding any other provision herein, the receiving Party's representatives may include specific file, function, and variable names, line numbers, in any notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "CONFIDENTIAL - SOURCE CODE."  The log of such notes need not be produced to any other party absent Court Order.

(m)    A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide seven (7) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(n)    The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(o)    All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

Case No. 25-cv-00860-NW
STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

12. Absent written consent from the designating Party, any person associated or affiliated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (a) the creation and use of containers in a computing environment, (b) any products, services, or systems accused of infringement in this Action, or (c) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in an IPR, EPR, or PGR proceeding, except for that person shall not participate—directly or indirectly— in the amendment of any claim(s).

13. [Intentionally Omitted].

14. [Intentionally Omitted].

15. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.

Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 CFR 730-774.

16. No Protected Material that is designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL - SOURCE CODE (collectively, "EXPORT RESTRICTED MATERIAL") may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to EXPORT RESTRICTED MATERIAL (including copies) in physical and electronic form. The viewing of EXPORT RESTRICTED MATERIAL through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.

17. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. Nothing contained herein is intended to or shall

RUSS, AUGUST & KABAT

serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Any Party that produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

18.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.   The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

19.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such

DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current officer, director or employee of the producing Party or a current officer, director, or employee of a company affiliated with the producing Party or a former officer, director or employee of the producing Party or company affiliated with the producing Party to the extent that individual had access to the DESIGNATED MATERIAL in the ordinary course of business during their employment with producing Party or company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (limited to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (limited to paragraph 5(e) and 11(e) of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. [8]

20.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

21.    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any

---

[8] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Appendix A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

STIPULATED PROTECTIVE ORDER

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

22. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

23. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the Parties shall submit the dispute ~~the requesting Party may~~ in accordance with Judge van Keulen's standing order. ~~apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.~~

24. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

Case No. 25-cv-00860-NW
STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

25.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

26.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties and any Party shall have ten (10) days after production of such documents, information, or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order. Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

27.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or " CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

RUSS, AUGUST & KABAT

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. The designating Party shall have 14 days to object to the production of some or all of the material. The parties shall meet and confer over any timely objections within three business days of receipt of the objection(s). The producing Party shall timely file any motion requesting relief following the parties' meet and confer. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

28. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

29. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude ~~the filing of a motion~~ at a later date seeking relief to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

30. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

17                                   Case No. 25-cv-00860-NW

RUSS, AUGUST & KABAT

party and has been unable to resolve the matter by agreement may ~~move~~ seek such relief from the Court ~~for such relief~~ as may be appropriate in the circumstances. Pending disposition of the ~~motion~~ request for relief by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

31. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

32. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

33. Each of the Parties shall also retain the right to ~~file a motion with~~ seek relief from the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

DATED:  March 16, 2026          **RUSS AUGUST & KABAT**


By  ___*/s/ Reza Mirzaie*___
      **Reza Mirzaie**
      *Attorneys for Plaintiff VirtaMove, Corp.*


DATED:  March 16, 2026          HOGAN LOVELLS US LLP
      QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  ___*/s/ Deepa Acharya*___
      Deepa Acharya
      *Attorneys for Defendant Google LLC*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


**Date:**  ___March 26, 2026___          _____

**Susan van Keulen**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

VIRTAMOVE, CORP.,

          Plaintiff,

        v.

GOOGLE, LLC

          Defendant.

Case No. 25-CV-00860-NW

Honorable Noël Wise

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR**
**CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.     My address is _____.

My current employer is _____.

My current occupation is _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

Case No. 25-cv-00860-NW
STIPULATED PROTECTIVE ORDER

RUSS, AUGUST & KABAT

5.       I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

RUSS, AUGUST & KABAT

Case No. 25-cv-00860-NW
STIPULATED PROTECTIVE ORDER